# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDRES H. MENDOZA,

    *Petitioner*,

vs.

WARDEN LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00607-RCJ-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on plaintiff's second (#7) application to proceed *in forma pauperis*, his motion (#5) for appointment of counsel, and for initial review under Rule 4 of the Rules Governing Proceedings under Section 2254. The Court finds that petitioner is unable to pay the filing fee and therefore will grant the pauper application.

    The papers on file along with the online docket records of the state courts reflect the following.

    Petitioner Andres Mendoza seeks to challenge his Nevada state conviction, pursuant to an *Alford* plea, of attempt lewdness with a child under the age of 14 and attempt sexual assault with a minor under the age of 14. The original judgment of conviction was filed on May 27, 2009; and petitioner did not file a direct appeal.

    Among other post-judgment proceedings, an amended judgment of conviction was filed on August 6, 2012, which apparently corrected the amount of credit for time served.

    On May 6, 2013, petitioner filed a state post-conviction petition, which was denied as untimely on August 20, 2013. It does not appear that the denial was appealed.

Meanwhile, on July 29, 2013, petitioner filed a second state post-conviction petition, which was denied as untimely on October 28, 2013. An appeal from the denial of the second petition currently is pending in the state supreme court.

In federal court, petitioner mailed this action for filing on or about October 31, 2013, without paying the filing fee or submitting a pauper application. In pertinent part, the federal petition tendered states only:

> Petitioner submits that an amended (JOC) was entered. Because of this (AEDPA) time limitations began anew for filing a habeas. Petitioner has been put on notice of a potential time bar. Pursuant to (Pace, US Supreme 2005). Federal relief is requested, permission to supplement this petition and/or a (stay-abeyance) to fully exhaust.

#1-1, at 3.

The petition states no claims for relief and is completely devoid of any factual allegations or constitutional claims. There is no accompanying paperwork containing any claims. The attached state district court order denying the second state petition as untimely discusses only the procedural history and the untimeliness of the second petition. Accordingly, there is nothing in the papers currently on file to which claims in a later pleading could relate back.

The motion for appointment of counsel is a form, boilerplate motion that does not refer to any particular circumstances that would require appointment of counsel for petitioner in particular. Merely because petitioner is serving a sentence of ten to life does not require the appointment of counsel in and of itself.

Petitioner cannot commence a federal habeas action by filing a petition with no claims in it. If he presents a petition that – quite literally in this instance – does not state a claim upon which relief may be granted, the petition will be dismissed.

Nor can petitioner obtain a stay by filing an essentially blank federal petition and making a bare request for a stay. The Court understands that petitioner is contending that the August 6, 2012, amended judgment started a new one-year federal limitation period. Even if that is assumed to be true for sake of argument, a habeas petitioner can obtain a stay only if he: (a) first files a mixed federal petition containing both exhausted and unexhausted

claims; and (b) demonstrates that he has good cause for the failure to exhaust the unexhausted claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269 (2005). Again, a stay is not available simply by the asking on a completely bare petition.

Nor will the Court appoint counsel to draft a petition for petitioner. Federal habeas matters generally are pursued *pro se*, and the courts do not appoint counsel to draft a petition for habeas petitioners, absent extremely unusual circumstances not evident here. Nothing in the conclusory form motion presented by petitioner supports a finding that the interests of justice require appointment of counsel at this point.

Petitioner has filed, *inter alia*, two state post-conviction petitions, and he currently is pursuing a state post-conviction appeal. If petitioner can file and pursue claims in state court *pro se*, it would appear that he can file a *pro se* pleading in federal court with claims.

The Court will afford petitioner one thirty day opportunity to file an amended petition that actually states claims. Absent extraordinary circumstances, the Court will not consider any requests for an extension of time in this regard. The Court will not allow extension requests to serve as a *de facto* stay to which petitioner clearly is not entitled on the current record. Again, plaintiff recently has filed two state petitions, such that he clearly should be capable of filing a federal petition with claims within a thirty day period.

IT THEREFORE IS ORDERED that petitioner's application (#7) to proceed *in forma pauperis* is GRANTED, such that petitioner will not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that the petition is DISMISSED without prejudice for failure to state a claim, subject to grant of an opportunity to file an amended petition within **thirty (30) days** of this order. **No extensions of time will be considered, absent extraordinary circumstances. Final judgment dismissing the action will be entered without further advance notice if petitioner does not timely file an amended petition setting forth claims.**

/ / / /

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended petition filed must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not alleged in the amended petition will not be before the Court.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the words "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 3:13-cv-00607-RCJ-WGC, above the words "AMENDED."

IT FURTHER IS ORDERED that petitioner's motion (#5) for appointment of counsel is DENIED without prejudice on the showing made.

The Clerk of Court shall send petitioner two blank copies of a noncapital § 2254 petition form together with a copy of the petition.

DATED:   February 18, 2014.

_____
ROBERT C. JONES
United States District Judge