# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDRES H. MENDOZA,

    *Petitioner*,

vs.

WARDEN LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00607-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (#10) under Rule 4 of the Rules Governing Proceedings under Section 2254. Following review, it appears that the petition, as amended, is subject to dismissal with prejudice on the basis of procedural default. Petitioner therefore will be directed to show cause why the petition, as amended, should not be dismissed.

### *Background*

The papers on file and the online docket records of the Nevada state courts reflect the following. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

Petitioner Andres Mendoza seeks to challenge his Nevada state conviction, pursuant to an *Alford* plea, of attempt lewdness with a child under the age of 14 and attempt sexual assault with a minor under the age of 14. The original judgment of conviction was filed on May 27, 2009, in No. C253233 in the state district court. Petitioner did not file a direct appeal.

An amended judgment of conviction was filed on August 6, 2012, which corrected only the amount of credit for time served by four days. Petitioner appealed, and the Supreme Court of Nevada affirmed in an April 9, 2013, order of affirmance. The ninety-day time period for seeking *certiorari* review in the United States Supreme Court expired on July 8, 2013.

Meanwhile, on May 6, 2013, petitioner filed a state post-conviction petition, which was denied as untimely on August 20, 2013. Petitioner did not appeal the August 20, 2013, denial.

During the pendency of the first state petition, on July 29, 2013, petitioner filed a second state post-conviction petition, which was denied on October 28, 2013. The Supreme Court of Nevada affirmed the dismissal of the second petition as untimely and an abuse of writ in an April 10, 2014, order of affirmance in No. 64355 in that court. The remittitur issued on May 5, 2014.

In federal court, petitioner mailed his initial suit papers to the Clerk for filing on or about October 31, 2013. On February 18, 2014, the Court dismissed the original papers without prejudice, with an opportunity to amend, because nothing in petitioner's original bare papers set forth any claim for relief. On or about February 25, 2014, petitioner mailed the amended petition herein to the Clerk for filing.

Petitioner asserts in the amended petition that "all of the grounds for this petition have been presented to the . . . Nevada Supreme Court." #10, at 3 (electronic docketing page 4). The Court accordingly will proceed for purposes of the present show-cause inquiry on an *arguendo* assumption that all of the claims in the federal petition, as amended, were exhausted in No. 64355 in the state supreme court. The claims in the amended federal petition are directed to alleged errors occurring in connection with the original 2009 judgment of conviction.

### *Discussion*

Petitioner proceeds in his papers on the premise that his state and federal petitions are not untimely under either federal or state law because of the intervening amended judgment of conviction.

-2-

The Court will proceed on further *arguendo* assumptions that: (a) a state court amended judgment of conviction that changes only four days of credit for time served constitutes a "resentencing" for purposes of the Supreme Court's decision in *Magwood v. Patterson*, 130 S.Ct. 2788 (2010); and (b) the amended judgment of conviction thus qualifies as an intervening new judgment for purposes of applying the federal limitation period as well as in applying successive petition rules as in *Magwood*. *Cf. Wentzell v. Neven*, 674 F.3d 1124, 1126-29 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 2336 (2013)(under *Magwood*, an amended judgment of conviction entered following a reversal and dismissal of one count constituted an intervening new judgment for purposes of federal successive petition rules).

With those *arguendo* assumptions, petitioner indeed would be correct that the present federal habeas action is timely under 28 U.S.C. § 2244(d)(1)(A). Both the original papers and the amended petition were filed within one year of the July 8, 2013, expiration of the time period for seeking *certiorari* review in the Supreme Court.

Petitioner is not correct, however, that the state courts therefore were required to find that his *state* petitions were timely under *state* procedural rules. Rather, the *Magwood* Court expressly confirmed that state procedural bars – such as state timeliness, successive petition and abuse of writ rules – remain applicable. *Magwood* recognized that state procedural bars would constitute the primary limitation upon inmates being able to do what petitioner seeks to do here. That is, *Magwood* expressly recognized that state procedural bars generally would preclude inmates from relitigating the validity of an otherwise long-since final conviction because of an intervening amendment where the petitioner's challenge in truth is directed to the validity of the original proceedings rather than to a change made in the amended judgment. *See Magwood*, 130 S.Ct. at 2801-02; *Wentzell*, 674 F.3d at 1127.

In this case, the Supreme Court of Nevada held that all claims presented to that court were barred under state timeliness and abuse of writ rules. The court applied established state case law, which had been on the books long before *Magwood*, holding that the filing of an amended judgment of conviction does not provide a basis for raising challenges unrelated to the amendment. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

Accordingly, pursuant to *Boyd v. Thompson*, 147 F.3d 1124 (9th Cir. 1998), the Court finds that the interests of comity, federalism and judicial efficiency are served by the Court *sua sponte* raising the question of whether all grounds presented are barred by procedural default.

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To satisfy the prejudice requirement, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

A petitioner who cannot show cause and prejudice still may obtain review of his defaulted claims if he can demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice. In noncapital cases, however, this exception has been recognized only for petitioners who can demonstrate actual innocence. *E.g., Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997). To demonstrate actual innocence, a petitioner must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all charges pending against him in the case prior to the plea. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Bousley v. United States*, 523 U.S. 614 (1998).

Petitioner therefore must show cause in writing why the petition should not be dismissed on the basis of procedural default.

1  IT THEREFORE IS ORDERED that, within **thirty (30) days** of entry of this order, petitioner shall SHOW CAUSE in writing why the petition, as amended, should not be dismissed with prejudice on the basis of procedural default.

If petitioner does not timely respond to this order, the petition will be dismissed with prejudice. If petitioner responds but fails to demonstrate, with competent supporting evidence, that the petition is not subject to dismissal, the petition will be dismissed with prejudice.

All assertions of fact must be specific as to time and place and supported by competent evidence. Any assertions of fact not made pursuant to an affidavit, declaration under penalty of perjury, or other competent and admissible evidence will be disregarded by the Court.

DATED:  June 3, 2014

_____
ROBERT C. JONES
United States District Judge