# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDRES H. MENDOZA,

*Petitioner*,

vs.

WARDEN LEGRAND, *et al.*,

*Respondents*.

3:13-cv-00607-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the amended petition is subject to dismissal with prejudice on the basis of procedural default, as well as on petitioner's motion (#13) for an extension of time and motion (#14) for appointment of counsel. This order follows upon a prior show-cause order (#12) and petitioner's response (#15) thereto.

***Background***

The show-cause order outlined the following procedural history based on the papers on file and the online docket records of the Nevada state courts. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts). Petitioner does not dispute the procedural history in his response.

Petitioner Andres Mendoza seeks to challenge his Nevada state conviction, pursuant to an *Alford* plea, of attempt lewdness with a child under the age of 14 and attempt sexual assault of a minor under the age of 14. The original judgment of conviction was filed on May 27, 2009, in No. C253233 in the state district court. Petitioner did not file a direct appeal.

Three years later, on June 27, 2012, petitioner filed a proper person motion seeking an additional twelve days of pre-sentence credit for time served. The state district court entered an amended judgment of conviction on August 6, 2012, which corrected the amount of credit for time served by four days. Petitioner appealed the district court's ruling on the motion, and the Supreme Court of Nevada affirmed in an April 9, 2013, order of affirmance in No. 61545 in that court. The ninety-day time period for seeking *certiorari* review in the United States Supreme Court expired on July 8, 2013.

Meanwhile, on May 6, 2013, petitioner filed a proper person state post-conviction petition, which was denied as untimely on August 20, 2013. Petitioner did not appeal.

During the pendency of the first state petition, on July 29, 2013, petitioner filed a proper person second state post-conviction petition, which was denied on October 28, 2013. The Supreme Court of Nevada affirmed the dismissal of the second petition as untimely and an abuse of writ in an April 10, 2014, order of affirmance in No. 64355 in that court. The remittitur issued on May 5, 2014.

In federal court, petitioner mailed his initial suit papers to the Clerk for filing on or about October 31, 2013. On February 18, 2014, the Court dismissed the original papers without prejudice, with an opportunity to amend, because nothing in petitioner's original bare papers set forth any claim for relief. On or about February 25, 2014, petitioner mailed the amended petition herein to the Clerk for filing.

## ***Discussion***

Pursuant to *Boyd v. Thompson*, 147 F.3d 1124 (9th Cir. 1998), the Court has found that the interests of comity, federalism and judicial efficiency are served by the Court *sua sponte* raising the question of whether all grounds presented are barred by procedural default.

Petitioner asserts in the amended petition that "all of the grounds for this petition have been presented to the . . . Nevada Supreme Court." #10, at 3 (electronic docketing page 4). The Court accordingly has proceeded for purposes of the present show-cause inquiry on an *arguendo* assumption that all of the claims in the amended federal petition were exhausted in No. 64355 in the state supreme court, *i.e.*, on the appeal from the denial of the second

state petition. The claims in the amended federal petition are directed to alleged errors occurring in connection with the original 2009 judgment of conviction.

The Court further has proceeded on additional *arguendo* assumptions that: (a) the amended federal petition is timely because it was filed within one year of the July 8, 2013, expiration of the time to seek *certiorari* review following the appeal from the amended judgment of conviction; (b) a state court amended judgment of conviction that changes only four days of credit for time served constitutes a "resentencing" for purposes of the Supreme Court's decision in *Magwood v. Patterson*, 130 S.Ct. 2788 (2010); and (c) the amended judgment of conviction thus qualifies as an intervening new judgment for purposes of applying the federal limitation period as well as in applying successive petition rules as in *Magwood*. *Cf. Wentzell v. Neven*, 674 F.3d 1124, 1126-29 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 2336 (2013)(under *Magwood*, an amended judgment of conviction entered following a reversal and dismissal of one count constituted an intervening new judgment for purposes of federal successive petition rules).

The show-cause order outlined the impact of *Magwood* on this case under these *arguendo* assumptions:

> With those *arguendo* assumptions, petitioner indeed would be correct that the present federal habeas action is timely under 28 U.S.C. § 2244(d)(1)(A). Both the original papers and the amended petition were filed within one year of the July 8, 2013, expiration of the time period for seeking *certiorari* review in the Supreme Court.
>
> Petitioner is not correct, however, that the state courts therefore were required to find that his *state* petitions were timely under *state* procedural rules. Rather, the *Magwood* Court expressly confirmed that state procedural bars – such as state timeliness, successive petition and abuse of writ rules – remain applicable. *Magwood* recognized that state procedural bars would constitute the primary limitation upon inmates being able to do what petitioner seeks to do here. That is, *Magwood* expressly recognized that state procedural bars generally would preclude inmates from relitigating the validity of an otherwise long-since final conviction because of an intervening amendment where the petitioner's challenge in truth is directed to the validity of the original proceedings rather than to a change made in the amended judgment. *See Magwood*, 130 S.Ct. at 2801-02; *Wentzell*, 674 F.3d at 1127.

> In this case, the Supreme Court of Nevada held that all claims presented to that court were barred under state timeliness and abuse of writ rules. The court applied established state case law, which had been on the books long before *Magwood*, holding that the filing of an amended judgment of conviction does not provide a basis for raising challenges unrelated to the amendment. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

#12, at 3 (emphasis in original).

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

Petitioner seeks to establish cause and prejudice. To demonstrate cause for a procedural default, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To satisfy the prejudice requirement, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

Petitioner maintains:

> The cause is or was [ineffective assistance of counsel] during initial post conviction review that has forced petitioner to file a successive petition the prejudice lies wherein petitioners [sic] meritorious claims as presented by the habeas in this matter as such petitioner seeks leave to evade the bar based upon (Martinez v. Ryan US Supreme Court 2012).

#15, at 2.

/ / / /

The decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), does not provide a basis for overcoming the procedural default of the claims that petitioner exhausted on the second state post-conviction appeal. *Martinez* holds that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320.[1]

*Martinez* has no application to this case because the exhausted claims were procedurally defaulted in petitioner's *second* state post-conviction proceeding.

Petitioner nonetheless urges that he was "forced" to file the successive second petition because of alleged ineffective assistance of counsel during "initial post conviction review" on the proper person first state petition. Nothing in *Martinez* provides for such "bootstrapped" cause for a procedural default of claims on a second petition because of the absence or ineffective assistance of counsel on a first petition. If petitioner had exhausted his claims in the first petition by filing an appeal to the state supreme court – which he did not – then a *Martinez* issue potentially would have been presented on federal review if the state supreme court had held that ineffective-assistance claims were procedurally barred. However, petitioner did not exhaust the claims in the first petition; claims presented in the first petition thus are not before this Court as such; and petitioner instead must overcome the procedural default of the exhausted claims in his *second* petition. The second petition was not the initial-review collateral proceeding under *Martinez*.

Moreover, the claims in the first petition did not reach the Supreme Court of Nevada because the proper person petitioner did not appeal the state district court's denial of the first petition. *Martinez* reaffirmed the long-established rule under *Coleman v. Thompson*, 501 U.S.

[1]The Ninth Circuit has extended *Martinez* to apply to the procedural default of claims of ineffective assistance of counsel on the direct appeal that were not raised in the initial-review collateral proceeding due to ineffective assistance or the absence of post-conviction counsel. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013).

722 (1991), that the absence or ineffectiveness of counsel on a state post-conviction appeal does not provide a basis for cause to overcome a procedural default. *See Martinez*, 132 S.Ct. at 1312 & 1321. Petitioner thus is maintaining that he was "forced" to file a second petition due to a circumstance – not pursuing an appeal *pro se* from the denial of the first petition – that would not itself provide a basis for cause under *Martinez* in the first instance.

Further, in all events, nothing in *Martinez* holds that a noncapital habeas petitioner can overcome the failure to timely file an initial-review collateral proceeding on the basis that he did not have pre-filing counsel to prepare and file a timely state petition. Petitioner's first petition was untimely under Nevada state law by nearly three years. Nothing in *Martinez* as a practical matter requires the States to appoint pre-filing state post-conviction counsel in noncapital cases following every judgment of conviction by holding that a petitioner who fails to file a timely state petition *pro se* has cause for that failure due to the lack of counsel.

Thus, petitioner's effort to establish cause for the procedural default of the exhausted claims in the second state petition – by "bootstrapping" his way back through his failure to appeal the denial of his first petition then to his failure to file a timely first petition in the first instance – is wholly without merit. The issue before the Court instead is the procedural default of the only exhausted claims before the Court – the claims in the second petition. Moreover, even if the Court took into account the proceedings on the first petition on that issue, the intervening *pro se* failures in failing to timely file the first petition and then failing to appeal the denial of that petition do not provide a basis for cause under *Martinez* premised upon an absence of counsel.

Petitioner accordingly has failed to establish cause for the procedural default of the claims in the second state petition now presented on federal review.[2]

A petitioner who cannot show cause and prejudice still may obtain review of his defaulted claims if he can demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice. Petitioner makes a conclusory assertion that the failure

---

[2]Petitioner's conclusory assertion of prejudice further fails to satisfy that requirement as well.

to hear the federal petition "will create an undue miscarriage of justice." #15, at 2. The show-cause order clearly stated:

> . . . . In noncapital cases, however, this exception has been recognized only for petitioners who can demonstrate actual innocence. *E.g., Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997). To demonstrate actual innocence, a petitioner must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all charges pending against him in the case prior to the plea. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Bousley v. United States*, 523 U.S. 614 (1998).

#12, at 4. A petitioner who asserts only alleged constitutional or other violations without also establishing actual innocence under the narrow and demanding *Schlup* gateway therefore fails to meet the standard for the miscarriage of justice exception. *See, e.g., Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008); *Poland*, 117 F.3d at 1106.

Petitioner's conclusory assertion accordingly does not even begin to shoulder the burden that he must shoulder under *Schlup*. The show-cause order also clearly stated:

> . . . . If petitioner responds but fails to demonstrate, with competent supporting evidence, that the petition is not subject to dismissal, the petition will be dismissed with prejudice.
>
> All assertions of fact must be specific as to time and place and supported by competent evidence. Any assertions of fact not made pursuant to an affidavit, declaration under penalty of perjury, or other competent and admissible evidence will be disregarded by the Court.

#12, at 5.

Petitioner accordingly has failed to carry his burden of presenting a potentially viable basis for overcoming the procedural default of the only exhausted claims before the Court. The amended petition therefore will be dismissed with prejudice under the procedural default doctrine.

***Pending Motions***

The motion for an extension of time to respond to the show-cause order will be denied as moot after petitioner filed his response within the allowed time period. The Court did not deny the extension motion prior to the filing of the show-cause response. Petitioner instead

unilaterally opted to file a response without waiting first for a ruling on the pending extension motion. Nothing in this Court's orders required that petitioner act without waiting for a ruling on a pending extension request. The Court had stated neither that an extension request would not be considered nor that the Court would dismiss the matter upon the expiration of the original filing deadline notwithstanding a pending extension request.

On the counsel motion, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

The Court does not find that the interests of justice require the appointment of counsel.

Petitioner maintains that the inmate who has been assisting him no longer is able to comprehend the purportedly complex issues at hand, which "involve a state bar versus a federal and the implications that such mandates." There is no such federal-state complexity in this matter. As the Court's orders have outlined, petitioner's claims must be dismissed with prejudice unless he can overcome the procedural default of his claims following the state courts' rejection of his claims on procedural grounds. Petitioner's mistaken initial belief that an amended judgment of conviction would overcome the application of state procedural bars does not make the issue either a complex one or one involving a conflict between federal and state law. That is, merely because the inmate assisting petitioner has had no effective response after petitioner's initial operating premise proved to be fallacious does not provide a basis for appointment of counsel.

Petitioner's conclusory references to his "limited" education and to Spanish being his "primary" language do not establish that he is unable to respond to the show-cause order with

the inmate assistance that he acknowledges is available to him. At the very least with that still-continuing assistance, the papers presented herein do not reflect that petitioner's ability to respond to the show-cause order has been adversely impacted by an allegedly limited English language ability. Rather, the fundamental difficulty faced instead was the flawed premise upon which this action was initiated.

Nor does the aggregate 8 to 20 year sentence on the early 2009 conviction, comparatively, weigh strongly in favor of appointing counsel.

The Court therefore will deny the motion for appointment of counsel.

IT THEREFORE IS ORDERED that the petition, as amended, shall be DISMISSED with prejudice as procedurally defaulted.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the petition as amended on the basis of procedural default to be debatable or incorrect. Petitioner cannot establish cause under *Martinez* for the procedural default of the claims exhausted in his second state post-conviction petition. Petitioner otherwise has not satisfied the exception for a fundamental miscarriage of justice with a conclusory assertion that a failure to hear the claims will result in an undue miscarriage of justice.

IT FURTHER IS ORDERED that petitioner's motion (#13) for an extension of time is DENIED as moot following upon petitioner's instead filing a response within the time allowed.

IT FURTHER IS ORDERED that petitioner's motion (#14) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall provide respondents with notice of the action taken herein by effecting informal electronic service of the order and judgment upon Catherine Cortez Masto as per the Clerk's current practice, together with regenerating notices of electronic filing to her office of the prior filings herein. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

/ / / /

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED: July 8, 2014

ROBERT C. JONES
United States District Judge