# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDRES H. MENDOZA,

    *Petitioner*,

vs.

WARDEN LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00607-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#18) for rehearing.  The motion was filed within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

The Court dismissed the action with prejudice on the basis of procedural default, describing the procedural history as follows:

> Petitioner Andres Mendoza seeks to challenge his Nevada state conviction, pursuant to an *Alford* plea, of attempt lewdness with a child under the age of 14 and attempt sexual assault of a minor under the age of 14.  The original judgment of conviction was filed on May 27, 2009, in No. C253233 in the state district court.  Petitioner did not file a direct appeal.
>
> Three years later, on June 27, 2012, petitioner filed a proper person motion seeking an additional twelve days of pre-sentence credit for time served.  The state district court entered an amended judgment of conviction on August 6, 2012, which corrected the amount of credit for time served by four days.  Petitioner appealed the district court's ruling on the motion, and the Supreme Court of Nevada affirmed in an April 9, 2013, order of affirmance in No. 61545 in that court.  The ninety-day time period for seeking *certiorari* review in the United States Supreme Court expired on July 8, 2013.

    Meanwhile, on May 6, 2013, petitioner filed a proper person state post-conviction petition, which was denied as untimely on August 20, 2013. Petitioner did not appeal.

    During the pendency of the first state petition, on July 29, 2013, petitioner filed a proper person second state post-conviction petition, which was denied on October 28, 2013. The Supreme Court of Nevada affirmed the dismissal of the second petition as untimely and an abuse of writ in an April 10, 2014, order of affirmance in No. 64355 in that court. The remittitur issued on May 5, 2014.

    In federal court, petitioner mailed his initial suit papers to the Clerk for filing on or about October 31, 2013. On February 18, 2014, the Court dismissed the original papers without prejudice, with an opportunity to amend, because nothing in petitioner's original bare papers set forth any claim for relief. On or about February 25, 2014, petitioner mailed the amended petition herein to the Clerk for filing.

#16, at 1-2.

  After making a number of *arguendo* assumptions favoring petitioner, the Court held as follows regarding petitioner's claim of cause to overcome the procedural default:

    The decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), does not provide a basis for overcoming the procedural default of the claims that petitioner exhausted on the second state post-conviction appeal. *Martinez* holds that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320.

    *Martinez* has no application to this case because the exhausted claims were procedurally defaulted in petitioner's *second* state post-conviction proceeding.

    Petitioner nonetheless urges that he was "forced" to file the successive second petition because of alleged ineffective assistance of counsel during "initial post conviction review" on the proper person first state petition. Nothing in *Martinez* provides for such "bootstrapped" cause for a procedural default of claims on a second petition because of the absence or ineffective assistance of counsel on a first petition. If petitioner had exhausted his claims in the first petition by filing an appeal to the state supreme court – which he did not – then a *Martinez* issue potentially would have been presented on federal review if the state supreme court had held that ineffective-assistance claims were procedurally barred. However, petitioner did not exhaust the claims in the first petition; claims presented in the first petition thus are not before this Court as such; and petitioner instead

-2-

     must overcome the procedural default of the exhausted claims in his *second* petition. The second petition was not the initial-review collateral proceeding under *Martinez*.

     Moreover, the claims in the first petition did not reach the Supreme Court of Nevada because the proper person petitioner did not appeal the state district court's denial of the first petition. *Martinez* reaffirmed the long-established rule under *Coleman v. Thompson*, 501 U.S. 722 (1991), that the absence or ineffectiveness of counsel on a state post-conviction appeal does not provide a basis for cause to overcome a procedural default. *See Martinez*, 132 S.Ct. at 1312 & 1321. Petitioner thus is maintaining that he was "forced" to file a second petition due to a circumstance – not pursuing an appeal *pro se* from the denial of the first petition – that would not itself provide a basis for cause under *Martinez* in the first instance.

     Further, in all events, nothing in *Martinez* holds that a noncapital habeas petitioner can overcome the failure to timely file an initial-review collateral proceeding on the basis that he did not have pre-filing counsel to prepare and file a timely state petition. Petitioner's first petition was untimely under Nevada state law by nearly three years. Nothing in *Martinez* as a practical matter requires the States to appoint pre-filing state post-conviction counsel in noncapital cases following every judgment of conviction by holding that a petitioner who fails to file a timely state petition *pro se* has cause for that failure due to the lack of counsel.

     Thus, petitioner's effort to establish cause for the procedural default of the exhausted claims in the second state petition – by "bootstrapping" his way back through his failure to appeal the denial of his first petition then to his failure to file a timely first petition in the first instance – is wholly without merit. The issue before the Court instead is the procedural default of the only exhausted claims before the Court – the claims in the second petition. Moreover, even if the Court took into account the proceedings on the first petition on that issue, the intervening *pro se* failures in failing to timely file the first petition and then failing to appeal the denial of that petition do not provide a basis for cause under *Martinez* premised upon an absence of counsel.

     Petitioner accordingly has failed to establish cause for the procedural default of the claims in the second state petition now presented on federal review.

#16, at 5-6 (footnotes omitted).

Petitioner urges that the Court erred in concluding that his July 29, 2013, state petition was a second state petition rather than the same petition as his May 6, 2013, first state petition. Petitioner contends that the state district court clerk misconstrued his July 29, 2013, filed "Opposition to States [sic] Habeas Dismissal Motion," where he stated:

-3-

    (1)    The State posits that habeas in this matter does not conform with (NRS 34.735). The Petition was not returned due to defect, it was filed by the Clerk. Nonetheless petitioner submits the attached law library habeas form completed and signed under penalty of perjury.

    (2)    The Petition is timely filed, due to the amended judgement [sic] that adjusted the original sentence structure, which was petitioned for post-conviction. To the extent the State argues dismissal is warranted due to (NRS 34.726), that finding is contrary to (US Supreme Court) precedent wherein "final judgement [sic] for habeas statue [sic] of limitations purposes is determined upon the sentence." (Berman v. US 58 S.Ct. 164). Thus the amended judgement [sic] date starts the deadline clock anew, because this is the only habeas-habeas [sic] attacking the new judgement [sic] (Magwood v. Patterson 130 S.Ct. 2788).

#18, at electronic docketing pages 31-32.

Petitioner posits that he submitted the July 29, 2013, second petition with the above filing as a "properly completed approved habeas form"[1] to "conform with (NRS 34.735)." He maintains that the state district court clerk erroneously filed that petition as a new and second petition "instead of deeming it applicable to the habeas filed (5-6-13) as directed in plaintiff's opposition."[2]

Petitioner's assumption that it was the role of the clerk to parse through his opposition to determine how to file a tendered pleading was mistaken. When a petition is presented to the state district court clerk – in circumstances where all post-conviction proceedings initiated are filed in the preexisting criminal suit file – the petition is docketed as a new petition under state practice. If petitioner was seeking to file an amended petition to supercede the prior petition, it was incumbent upon petitioner to file a motion for leave to amend the petition, which he did not do. It was not the role of the clerk to review an opposition memorandum to infer filing instructions.

---

[1] #18, at 3.

[2] *Id.*

-4-

     Moreover, the state district court further gave petitioner notice on October 28, 2013, of October 24, 2013, findings of fact, conclusions of law, and order dismissing his May 6, 2013, petition. Regardless of how petitioner construed his petitions, he was on notice that the state district court had dismissed the May 6, 2013, petition and that he had a limited time to appeal the order of dismissal. He did not do so. The time and place for petitioner to contest the manner in which his petitions were construed and adjudicated was while he was in state court. He could not simply accept without appeal an order dismissing a petition that he filed if he sought to preserve an objection in that regard. Particularly after petitioner failed to appeal the dismissal of the May 6, 2013, petition, the state courts' construction of what petitions were before them based on the state court record is the end of that matter.

     In all events, this Court's dismissal order already addressed petitioner's arguments looking back through to the dismissal of the May 6, 2013, petition. The last reasoned state court decision with respect to the viability of the May 6, 2013, petition under Nevada state procedural law was the state district court order dismissing that petition as untimely. As, again, this Court stated:

> Further, in all events, nothing in *Martinez* holds that a noncapital habeas petitioner can overcome the failure to timely file an initial-review collateral proceeding on the basis that he did not have pre-filing counsel to prepare and file a timely state petition. Petitioner's first petition was untimely under Nevada state law by nearly three years. Nothing in *Martinez* as a practical matter requires the States to appoint pre-filing state post-conviction counsel in noncapital cases following every judgment of conviction by holding that a petitioner who fails to file a timely state petition *pro se* has cause for that failure due to the lack of counsel.
>
> Thus, petitioner's effort to establish cause for the procedural default of the exhausted claims in the second state petition – by "bootstrapping" his way back through his failure to appeal the denial of his first petition then to his failure to file a timely first petition in the first instance – is wholly without merit. . . . . [E]ven if the Court took into account the proceedings on the first petition . . . , the intervening *pro se* failures in failing to timely file the first petition and then failing to appeal the denial of that petition do not provide a basis for cause under *Martinez* premised upon an absence of counsel.

#16, at 6.

The motion for rehearing accordingly will be denied.

IT THEREFORE IS ORDERED that petitioner's motion (#18) for rehearing is DENIED.

IT FURTHER IS ORDERED that, to the extent that a certificate of appealability is required with respect to the denial of a Rule 59 motion, a certificate of appealability is DENIED. Jurists of reason would not find the district court's denial of the motion to be incorrect or debatable. Petitioner urges that: (a) the state and federal courts improperly construed an allegedly single state petition instead as two petitions; and (b) he can establish cause to overcome a procedural default as to his first-filed state petition under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), because he was proceeding *pro se*. However, the last reasoned state court decision on that petition dismissed the petition as untimely. *Martinez* establishes no basis for a finding of cause based upon an unrepresented petitioner failing to file a timely state petition in the first instance. Thus, viewing the two state petitions instead as one would not lead to a different outcome, a point that the prior dismissal order already had taken into account. Both petitions were denied as, *inter alia*, untimely, and *Martinez* provides no basis for overcoming that procedural default, whether the petitions are viewed as two petitions or instead as one.[3]

DATED: July 29, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[3] The Court notes that petitioner did not raise the argument in the motion for rehearing in his show-cause response, *i.e.,* that an allegedly single state petition instead was misconstrued on state and federal review as two petitions. He instead argued that ineffective assistance "during initial post conviction review . . . forced petitioner to file a successive petition." #15, at 2. As the Court discusses in the text, however, the dismissal order in any event took into account the substance of the argument raised for the first time in the federal district court in the motion for rehearing.

Petitioner continues to maintain that the first-filed state petition was timely because it was filed within a year of an amended judgment of conviction that corrected the credit for time served by four days. He relies upon federal case authority regarding the application of federal law, such as *Magwood*. The timeliness of a state petition under state law of course is a state law issue. Nevada state law is well established that an amended judgment of conviction does not restart the *state* limitations period for challenges unrelated to the amendment. *See Sullivan v. State*, 120 Nev. 537, 96 P.3d 761, 764 (2004).